UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MORGAN NEILIO, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 22-2091 (RBK) (AMD) |
| | : | |
| v. | : | |
| | : | |
| YOSHAR EBADY, et al., | : | **MEMORANDUM & ORDER** |
| | : | |
| Defendants. | : | |

Plaintiff is a pretrial detainee currently detained at the Camden County Correctional Facility in Camden, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Previously, this Court administratively terminated this action as Plaintiff's application to proceed *in forma pauperis* was incomplete. (*See* Dkt. No. 3). Subsequently, Plaintiff filed a new *in forma pauperis* application such that the Clerk will be ordered to reopen this case.

Leave to proceed in this Court without prepayment of fees is authorized. *See* 28 U.S.C. § 1915. This case is subject to *sua sponte* screening by the Court, and the complaint will be screened in due course. Nevertheless, Plaintiff has indicated he wishes to file a proposed amended complaint. (*See* Dkt. Nos. 5 & 6). Given this request, Plaintiff shall be given a period in which to file a proposed amended complaint that will still be subject to this Court's *sua sponte* screening. Should Plaintiff not file a proposed amended complaint, this Court will screen Plaintiff's original complaint as the operative pleading in this case.

Therefore, IT IS on this 14th day of June, 2022,

ORDERED that the Clerk shall reopen this case; and it is further

ORDERED that Plaintiff's application to proceed *in forma pauperis* is granted; and it is further

ORDERED that the Clerk shall file the complaint; and it is further

ORDERED that SUMMONS SHALL NOT ISSUE at this time as the Court's *sua sponte* screening has not yet been completed; and it is further

ORDERED that the time to serve process under Fed. R. Civ. P. 4(m) is hereby extended to the date ninety (90) days after the Court permits the Complaint to proceed; and it is further

ORDERED that pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this order by regular mail upon the New Jersey Attorney General's Office and the warden of the Camden County Correctional Facility; and it is further

ORDERED that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

ORDERED that pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for each case a court has mandated a deduction under the PLRA; i.e., Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

ORDERED that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce,* until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is further

ORDERED that Plaintiff shall have thirty (30) days from the date of this memorandum and order in which to file a proposed amended complaint. Should Plaintiff not file a proposed amended complaint, this Court will screen Plaintiff's original complaint; and it is further

ORDERED that the Clerk shall send to Plaintiff by regular U.S. mail: (1) a copy of this memorandum and order; and (2) a blank copy of a prisoner civil rights complaint (DNJ-ProSe-006-ProSePrisCvRghtsCmpFrm-STANDARD-(Rev.12-2020).

                                                                                    s/ Robert B. Kugler
                                                                                    ROBERT B. KUGLER
                                                                                    United States District Judge